# EXHIBIT A

IN THE CIRCUIT COURT OF RANDOLPH COUNTY, WEST VIRGINIA

SOPHIA CUPP;

Plaintiff,

v.                                                      Civil Action No. 20-C-60

                                                        Honorable David Wilmoth

FCA US LLC, a limited liability corporation and
FIAT CHRYSLER CORPORATION US LLC;

            Defendants.

## COMPLAINT

Now comes plaintiff, by counsel, for her complaint and hereby alleges and avers upon information, knowledge and/or belief the following:

1.      Plaintiff Sophia Cupp is a resident of Elkins, Randolph County, West Virginia, where at all times relevant herein, she lived at 123 College Street, Elkins, West Virginia 26241.

2.      On July 15, 2018, plaintiff was the owner and operator of a 2016 Jeep Cherokee automobile which was designed, manufactured, advertised, marketed and sold by FCA US LLC and Fiat Chrysler Corporation US LLC hereafter referred to as a "FCA US LLC".

3.      On July 15, 2018, plaintiff was driving north on South Randolph Avenue, when her vehicle veered into a curb then struck a stone building near the street.

4.      Plaintiff's vehicle was represented to be a safe vehicle with airbags and safety belts to restrain her should she ever have an accident, and she relied upon the same in her travels while operating the jeep vehicle.

5.      When plaintiff's vehicle struck the stone building, the airbags and restraint system did not deploy or restrain plaintiff as they were represented and required to, in order to safeguard her from sustaining injuries.

6.      The restraint system was dangerous and defective and did not provide plaintiff with reasonable protection from a frontal collision contrary to the representation by the defendants.

7.      Defendant knew or should have known that the restraint system was faulty and defective and would not provide plaintiff with protection by the restraint systems from foreseeable crashes, should she be involved in a wreck like what occurred on July 15, 2018.

8.      As a result of this collision and the defective restraint system, plaintiff was thrown into and against the interior of the vehicle and sustained bodily injuries.

## COUNT I

For plaintiff's first count against FCA US LLC, defendants, plaintiff restates the allegations above the same as if herein fully restated and further complains and states as follows:

9.      FCA US LLC and US Fiat Chrysler Corporation LLC, hereinafter collectively referred to as "FCA US LLC", are in the business of designing, manufacturing, marketing, distributing and selling automobiles, including Jeep Cherokee automobiles, and it had and has a duty to provide the purchasers and users of its automobiles with warnings and instructions as to safety issues pertaining to the dangers accompanying the operation of their vehicles in the US and worldwide, including West Virginia.

10.     FCA US LLC had the duty to design, manufacture, market and sell vehicles which were safe to drive and which were not dangerous and defective.

11.     FCA US LLC owed a duty to plaintiff to design, manufacture and distribute its Jeep vehicles with occupant protection and body restraints in the event of a reasonably foreseeable collision in order to protect her.

2

12.     FCA US LLC negligently, carelessly, wrongfully and recklessly failed to design and manufacture the 2016 Jeep Cherokee in a manner which resulted in a safe vehicle and one without defects in its safety restraint system and steering.

13.     FCA US LLC knew, should have known and investigated their vehicle and known of the defects in the vehicle and should have warned the plaintiff of said defects, it should have repaired the defects, recalled the vehicle and resolved all of its safety problems and advised plaintiff of the same prior to July 15, 2018.

14.     As a proximate result of defendant's acts, conduct and omissions, as described above, plaintiff was injured and damaged as a result of the aforesaid crash and the failure to provide her with a safe and effective restraint system.

15.     FCA US LLC's acts, conduct and omissions were reckless and willful such that it represented a reckless disregard for plaintiff and other drivers' rights and safety.

16.     As a proximate result of defendants' and each of their acts, conduct and omissions, plaintiff was injured and damaged as follows:

        a.     She suffered bodily injury and incurred and will in the future incur medical bills;
        b.     She suffered pain and suffering and will suffer the same in the future;
        c.     She suffered severe emotional distress and will suffer the same in the future;
        d.     She suffered the loss of enjoyment of life and will in the future;
        e.     She lost income and will lose income in the future;
        f.     She was damaged in other ways as the facts and evidence will disclose; and
        g.     She is entitled to punitive damages.

WHEREFORE, plaintiff demands judgment of and from defendants and each of them jointly and  severally for compensatory damages and punitive damages in an amount to be determined by the Court and jury; a trial by jury; the costs and disbursements of this action; pre-judgment and post- judgment interest, for attorney fees, interest and all other relief as the Court deems fair and just.

3

## COUNT II

For plaintiff's second count against FCA US LLC, defendants, plaintiff restates the allegations above the same as if herein fully restated and further complains and states as follows:

17.     FCA US LLC defendants were negligent in the design, manufacture, distribution and sale of the subject vehicle by its failure to provide an adequate and safe crashworthy vehicle for the reason that the safety restraint system did not deploy and allowed for plaintiff's body to be violently struck against the interior of the vehicle.

18.     FCA US LLC was negligent in the design, manufacture, distribution and sale of the vehicle in that the Jeep failed to provide for air bags to protect the driver's body from being struck by solid and rigid parts of the vehicle in a foreseeable crash.

19.     FCA US LLC was negligent in that it failed to provide plaintiff with adequate warnings of the dangers of being severely injured in a foreseeable crash as set forth above.

20.     The vehicle was unreasonably dangerous and defective for the reason as set forth above in that it did not provide the plaintiff with adequate protection from serious injury in a foreseeable collision and FCA US LLC did not warn plaintiff of the defects.

21.     The Jeep vehicle was further defective and dangerous in the following respects:

(a)     The failure to provide an adequate occupant restraint system or system for protection;

(b)     The failure to provide adequate structural and occupant protection and energy management systems to dissipate crash energy;

(c)     The failure to provide a restraint system which should deploy when the vehicle was involved in a foreseeable crash so the operator would be adequately restrained in their seat and protected from personal injury;

4

(d)   The failure to provide a vehicle that would remain stable and roadworthy while driving the same;

(e)   The failure to provide a seatbelt and other occupant restraint such that the driver would be properly and reasonably restrained in the seat; and

(f)   Other defects as the evidence will show.

22.   The negligent, careless, wrongful and unlawful acts of the FCA US LLC defendants were a proximate cause of the injuries to the plaintiff as set out as follows:

a.   She suffered bodily injury and incurred and will in the future incur medical bills;
b.   She suffered pain and suffering and will suffer the same in the future;
c.   She suffered severe emotional distress and will suffer the same in the future;
d.   She suffered the loss of enjoyment of life and will in the future;
e.   She lost income and will lose income in the future;
f.   She was damaged in other ways as the facts and evidence will disclose; and
g.   She is entitled to punitive damages.

WHEREFORE, plaintiff demands judgment of and from defendants and each of them jointly and severally for compensatory damages and punitive damages in an amount to be determined by the Court and jury; a trial by jury; the costs and disbursements of this action; pre-judgment and post- judgment interest, for attorney fees, interest and all other relief as the Court deems fair and just.

## COUNT III

For her third count against FCA US LLC, defendants, plaintiff realleges all allegations above the same as if herein fully restated and further alleges as follows:

23.   FCA US LLC defendants designed, manufactured, assembled, tested, inspected, provided warnings and instructions, marketed, distributed, and sold the Jeep, such that when the vehicle was placed into the stream of commerce, it was in an unreasonably dangerous and defective

condition and was not reasonably safe for its intended use, thereby rendering the FCA US LLC defendants strictly liable for the resulting injuries and damages.

24.     The defective nature of the Jeep vehicle was a proximate cause of the plaintiff's injuries and damages as set forth as follows:

> a. She suffered bodily injury and incurred and will in the future incur medical bills;
> b. She suffered pain and suffering and will suffer the same in the future;
> c. She suffered severe emotional distress and will suffer the same in the future;
> d. She suffered the loss of enjoyment of life and will in the future;
> e. She lost income and will lose income in the future;
> f. She was damaged in other ways as the facts and evidence will disclose; and
> g. She is entitled to punitive damages.

WHEREFORE, plaintiff demands judgment of and from defendants and each of them jointly and severally for compensatory damages and punitive damages in an amount to be determined by the Court and jury; a trial by jury; the costs and disbursements of this action; pre-judgment and post- judgment interest, for attorney fees, interest and all other relief as the Court deems fair and just.

## COUNT IV

For her fourth count against defendants, plaintiff realleges all allegations above as if herein fully restated and further alleges as follows:

25.     The FCA US LLC defendants knew or should have known of the defective, unreasonably dangerous condition of the vehicle and the lack of the reasonable safety for the intended use of the Jeep, and defendants failed to warn its purchasers, owners and the ultimate users, of the defects, including plaintiff of the unreasonable and dangerous defective condition and lack of safety of the vehicle for its intended use.

26.     Despite its knowledge of the hazards involved, the FCA US LLC defendants knowingly, willfully, wantonly, recklessly, and intentionally exposed the ultimate users,

purchasers or lessors, the consuming public and plaintiff to the unsafe conditions such that there was a foreseeable and reasonably expected likelihood that they would suffer serious injuries.

27.   The failure to warn by the FCA US LLC defendants was a proximate cause of the plaintiff's injuries and damages as identified as follows:

   a.   She suffered bodily injury and incurred and will in the future incur medical bills;
   b.   She suffered pain and suffering and will suffer the same in the future;
   c.   She suffered severe emotional distress and will suffer the same in the future;
   d.   She suffered the loss of enjoyment of life and will in the future;
   e.   She lost income and will lose income in the future;
   f.   She was damaged in other ways as the facts and evidence will disclose; and
   g.   She is entitled to punitive damages

WHEREFORE, plaintiff demands judgment of and from defendants and each of them jointly and severally for compensatory damages and punitive damages in an amount to be determined by the Court and jury; a trial by jury; the costs and disbursements of this action; pre-judgment and post- judgment interest, for attorney fees, interest and all other relief as the Court deems fair and just.

## COUNT V

For her fifth count against FCA US LLC, defendant, plaintiff realleges all allegations above as if herein fully restated and further alleges as follows:

28.   The FCA US LLC defendants were and are merchants in the business of designing, manufacturing, assembling, testing, inspecting, providing warranties and instructions, marketing, distributing, leasing, and / or selling automobiles.

29.   The FCA US LLC defendants expressly and impliedly warranted that the above described Jeep was of merchantable quality and further warranted the safety and fitness of the vehicle for its particular and intended purpose for the reasons identified above.

7

30.     By designing, manufacturing, assembling, testing, inspecting, providing without adequate warnings and instructions, marketing, distributing, leasing, selling, and/or otherwise placing the Jeep into the stream of commerce in the above described defective and unreasonably dangerous condition the vehicle was unmerchantable, and unfit for its particular and intended use and purposes. Therefore, FCA US LLC defendant beached their express and implied warranties to plaintiff and defendants are strictly liable therefor.

31.     The breaches of warranty by the FCA US LLC defendants were a proximate cause of the plaintiff's injuries and damages identified as follows:

    a.     She suffered bodily injury and incurred and will in the future incur medical bills;

    b.     She suffered pain and suffering and will suffer the same in the future;

    c.     She suffered severe emotional distress and will suffer the same in the future;

    d.     She suffered the loss of enjoyment of life and will in the future;

    e.     She lost income and will lose income in the future;

    f.     She was damaged in other ways as the facts and evidence will disclose; and

    g.     She is entitled to punitive damages

WHEREFORE, the plaintiff demands judgment against defendants and each of them jointly and severally for compensatory damages, punitive damages, pre-judgment and post-judgment interest, the costs and disbursements of this case, attorney fees and a trial by jury and for such other, further and general relief as the Court deems just and proper.

SOPHIA CUPP,

By Counsel

Marvin W. Masters
West Virginia State Bar No. 2359
The Masters Law Firm lc
181 Summers Street
Charleston, West Virginia 25301-2177
(304) 342-3106
Counsel for Plaintiff
F:\4\363\p001.docx

8