UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
ELKINS DIVISION

SOPHIA CUPP,

    Plaintiff,

v.

CIVIL CASE NO: 2:20-cv-35
(Judge Thomas S. Kleeh)

FCA US LLC, a limited liability corporation and
FIAT CHRYSLER CORPORATION US LLC,

    Defendants.

### DEFENDANT, FCA US LLC's
### ANSWER TO PLAINTIFFS' COMPLAINT

Defendant FCA US LLC ("FCA US")[1], by its undersigned counsel, files its answer, defenses and jury demand.

### FIRST DEFENSE

FCA US, not being fully advised of all the circumstances surrounding the allegations set forth in Plaintiff's Complaint ("Complaint"), reserves unto itself the defense that the Court lacks personal jurisdiction over FCA US for the claims asserted in this matter pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, as the same may prove applicable as discovery proceeds and the evidence is developed in this case.

### SECOND DEFENSE

FCA US, not being fully advised of all the circumstances surrounding the allegations set forth in the Complaint, reserves unto itself the defense that claims set forth in the Complaint fail or may fail to state claims against FCA US upon which relief may be granted and should, therefore, be dismissed as a matter of law pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

---

[1] The defendant identified as "Fiat Chrysler Corporation US LLC" does not exist and, therefore, is not a proper party to this action.

## THIRD DEFENSE

In specific response to the numbered allegations of the Plaintiff's Complaint, FCA US states as follows:

1. FCA US is presently without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint, and therefore denies the same and demands strict proof thereof.

2. In response to the allegations set forth in paragraph 2 of the Complaint, FCA US denies that "Fiat Chrysler Corporation US LLC" is a legal entity or that "Fiat Chrysler Corporation US LLC" ever designed, manufactured, advertised, marketed or sold a 2016 Jeep Cherokee. FCA US therefore objects to Plaintiff's combined reference to FCA US LLC and Fiat Chrysler Corporation US LCC as "FCA US LLC" for purposes of the Complaint. Except insofar as FCA US was responsible for managing the overall design, and for the assembly and original sale of 2016 Jeep Cherokees, in the United States, generally, FCA US is presently without information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 2 of the Complaint, and therefore denies the same and demands strict proof thereof.

3. FCA US is presently without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the Complaint, and therefore denies the same and demands strict proof thereof.

4. FCA US is presently without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Complaint, and therefore denies the same and demands strict proof thereof. In further response to allegations in paragraph 4 of the Complaint, FCA US states that any limited or express warranties provided by FCA US, or any warranties implied as a matter of law, with respect to any products allegedly distributed by FCA

US, speak for themselves. FCA US further states that its duty with respect to the product and the component parts of such product was to act with due care and to distribute such product which is reasonably safe for its intended use. Further the product and the component parts of such product which are the subject of this lawsuit conform to the general state of the art with respect to design, labeling and manufacturing and also complied with applicable government regulations and standards at the time it left FCA US. Any and all allegations contained or implied in paragraph 4 which seeks to impose different or greater duties upon FCA US than those imposed by law fail to state a claim for which relief may be granted and should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

5. FCA US is presently without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of the Complaint, and therefore denies the same and demands strict proof thereof.

6. FCA US denies the allegations contained in paragraph 6 of the Complaint and demands strict proof thereof.

7. FCA US denies the allegations contained in paragraph 7 of the Complaint and demands strict proof thereof.

8. FCA US denies the allegations contained in paragraph 8 of the Complaint and demands strict proof thereof.

## COUNT I

FCA US restates its responses to the allegations contained in Paragraphs 1 – 8 of the Complaint, as though each were set forth herein verbatim.

9. In response to the allegations contained in paragraph 9 of the Complaint, FCA US admits only that "FCA US LLC" engages in managing the overall design, and in the assembly,

marketing, and distribution of automobiles, including Jeep automobiles, and that FCA US LLC provides warnings and instructions pertaining to such vehicles. FCA US denies that "US Fiat Chrysler Corporation LLC" is a legal entity, or that "US Fiat Chrysler Corporation LLC" engages in the design, manufacture, marketing, distribution, or sale of any automobiles, including Jeep automobiles. FCA US therefore objects to Plaintiff's combined reference to FCA US LLC and Fiat Chrysler Corporation US LCC as "FCA US LLC" for purposes of the Complaint. FCA US denies the remainder of the allegations contained paragraph 9 of the Complaint.

    10.  In response to the allegations contained in paragraph 10 of the Complaint, FCA US states that its duty with respect to the product and the component parts of such product was to act with due care and to distribute such product which is reasonably safe for its intended use. Further the product and the component parts of such product which are the subject of this lawsuit conform to the general state of the art with respect to design, labeling and manufacturing and also comply with applicable government regulations and standards at the time it left FCA US. Any and all allegations contained or implied in paragraph 10 which seek to impose different or greater duties upon FCA US than those imposed by law fail to state a claim for which relief may be granted and should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Further, FCA US denies any statement in paragraph 10 which alleges or implies any negligence, strict liability in tort, carelessness, or other fault on the part of FCA US; that allege or imply any breach of express or implied warranties which may apply to the product or products which are the subject of this action; that allege or imply any other misconduct on the part of FCA US with respect to the products which are the subject of this action; that allege or imply any failure to meet a responsibility, or violation of duty with respect to FCA US; or that allege or imply that FCA US

4

violated any applicable statutes, rules, regulations or industry standards whatsoever with respect to the product or products which are the subject of this action.

11. In response to the allegations contained in paragraph 11 of the Complaint, FCA US states that its duty with respect to the product and the component parts of such product was to act with due care and to distribute such product which is reasonably safe for its intended use. Further the product and the component parts of such product which are the subject of this lawsuit conform to the general state of the art with respect to design, labeling and manufacturing and also comply with applicable government regulations and standards at the time it left FCA US. Any and all allegations contained or implied in paragraph 11 which seek to impose different or greater duties upon FCA US than those imposed by law fail to state a claim for which relief may be granted and should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Further, FCA US denies any statement in paragraph 11 which alleges or implies any negligence, strict liability in tort, carelessness, or other fault on the part of FCA US; that allege or imply any breach of express or implied warranties which may apply to the product or products which are the subject of this action; that allege or imply any other misconduct on the part of FCA US with respect to the products which are the subject of this action; that allege or imply any failure to meet a responsibility, or violation of duty with respect to FCA US; or that allege or imply that FCA US violated any applicable statutes, rules, regulations or industry standards whatsoever with respect to the product or products which are the subject of this action.

12. FCA US denies the allegations contained in paragraph 12 of the Complaint and demands strict proof thereof.

13. FCA US denies the allegations contained in paragraph 13 of the Complaint and demands strict proof thereof.

14. FCA US denies the allegations contained in paragraph 14 of the Complaint and demands strict proof thereof..

15. FCA US denies the allegations contained in paragraph 15 of the Complaint and demands strict proof thereof.

16. FCA US denies the allegations contained in paragraph 16 of the Complaint, including discrete subparts, and demands strict proof thereof.

FCA US denies any allegations set forth in the "WHEREFORE" section following paragraph 16 of the Complaint. FCA US expressly denies that it is liable to Plaintiff for any damage alleged in the Complaint, including but not limited to, compensatory damages, punitive damages, attorney's fees, and interest and/or costs incurred in and about the prosecution of this action.

## COUNT II

FCA US restates its responses to the allegations contained in Paragraphs 1 – 16 of the Complaint, as though each were set forth herein verbatim.

17. FCA US denies the allegations contained in paragraph 17 of the Complaint and demands strict proof thereof.

18. FCA US denies the allegations contained in paragraph 18 of the Complaint and demands strict proof thereof.

19. FCA US denies the allegations contained in paragraph 19 of the Complaint and demands strict proof thereof.

20. FCA US denies the allegations contained in paragraph 20 of the Complaint and demands strict proof thereof.

21. FCA US denies the allegations contained in paragraph 21 of the Complaint, including discrete subparts, and demands strict proof thereof.

22. FCA US denies the allegations contained in paragraph 22 of the Complaint, including discrete subparts, and demands strict proof thereof.

FCA US denies any allegations set forth in the "WHEREFORE" section following paragraph 22 of the Complaint. FCA US expressly denies that it is liable to Plaintiff for any damage alleged in the Complaint, including but not limited to, compensatory damages, punitive damages, attorney's fees, and interest and/or costs incurred in and about the prosecution of this action.

## COUNT III

FCA US restates its responses to the allegations contained in Paragraphs 1 – 22 of the Complaint, as though each were set forth herein verbatim.

23. FCA US denies the allegations contained in paragraph 23 of the Complaint and demands strict proof thereof.

24. FCA US denies the allegations contained in paragraph 24 of the Complaint, including discrete subparts, and demands strict proof thereof.

FCA US denies any allegations set forth in the "WHEREFORE" section following paragraph 24 of the Complaint. FCA US expressly denies that it is liable to Plaintiff for any damage alleged in the Complaint, including but not limited to, compensatory damages, punitive damages, attorney's fees, and interest and/or costs incurred in and about the prosecution of this action.

## COUNT IV

FCA US restates its responses to the allegations contained in Paragraphs 1 – 24 of the Complaint, as though each were set forth herein verbatim.

25. FCA US denies the allegations contained in paragraph 25 of the Complaint and demands strict proof thereof.

26. FCA US denies the allegations contained in paragraph 26 of the Complaint and demands strict proof thereof.

27. FCA US denies the allegations contained in paragraph 27 of the Complaint, including discrete subparts, and demands strict proof thereof.

FCA US denies any allegations set forth in the "WHEREFORE" section following paragraph 27 of the Complaint. FCA US expressly denies that it is liable to Plaintiff for any damage alleged in the Complaint, including but not limited to, compensatory damages, punitive damages, attorney's fees, and interest and/or costs incurred in and about the prosecution of this action.

## COUNT V

FCA US restates its responses to the allegations contained in Paragraphs 1 – 27 of the Complaint, as though each were set forth herein verbatim.

28. In response to the allegations contained in paragraph 28 of the Complaint, FCA US admits only that "FCA US LLC" engages in managing the overall design, and in the assembly, marketing, and distribution of automobiles, including Jeep automobiles, and that FCA US LLC provides warnings and instructions pertaining to such vehicles. FCA US denies that "US Fiat Chrysler Corporation LLC" is a legal entity, or that "US Fiat Chrysler Corporation LLC" engages in the design, manufacture, marketing, distribution, or sale of any automobiles, including Jeep automobiles. FCA US denies the remainder of the allegations contained paragraph 28 of the Complaint.

29. The allegations contained in paragraph 29 of the Complaint constitute a legal conclusion to which no response is required. To the extent a response is required, FCA US denies the allegations contained in paragraph 29 of the Complaint and demands strict proof thereof. In further response to allegations in paragraph 29 of the Complaint, FCA US states that any limited

or express warranties provided by FCA US, or any warranties implied as a matter of law, with respect to any products allegedly distributed by FCA US, speak for themselves. FCA US further states that its duty with respect to the product and the component parts of such product was to act with due care and to distribute such product which is reasonably safe for its intended use. Further the product and the component parts of such product which are the subject of this lawsuit conform to the general state of the art with respect to design, labeling and manufacturing and also comply with applicable government regulations and standards at the time it left FCA US. Any and all allegations contained or implied in paragraph 29 which seeks to impose different or greater duties upon FCA US than those imposed by law fail to state a claim for which relief may be granted and should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

30. FCA US denies the allegations contained in paragraph 30 of the Complaint and demands strict proof thereof.

31. FCA US denies the allegations contained in paragraph 31 of the Complaint, including discrete subparts, and demands strict proof thereof.

FCA US denies any allegations set forth in the "WHEREFORE" section following paragraph 31 of the Complaint. FCA US expressly denies that it is liable to Plaintiff for any damage alleged in the Complaint, including but not limited to, compensatory damages, punitive damages, attorney's fees, and interest and/or costs incurred in and about the prosecution of this action.

FCA US expressly denies any allegations contained in the Complaint that were not otherwise specifically admitted.

## DEFENSES

1. The design, assembly, manufacture and/or distribution of the subject product and the component parts of such product were and are regulated by various acts, laws, standards, rules and regulations enacted, adopted or promulgated by the United States Government, such that Plaintiff's claims are preempted by federal law, and should be dismissed.

2. FCA US did not cause the damages or loss complained of by Plaintiff.

3. Plaintiff's alleged damages were caused by the act or omission of an individual or entity over whom or which FCA US exercised no control.

4. Plaintiff's alleged damages were caused by an intervening or superseding cause.

5. Without being fully informed of all circumstances surrounding the events that led to Plaintiff's injuries, FCA US reserves and asserts the defense of comparative fault, including comparative assumption of the risk, such that Plaintiff is barred from or limited in recovery from FCA US.

6. The negligence of others, over whom FCA US exercises no control, was a, or the sole, proximate cause of Plaintiff's damages.

7. Plaintiff's claims are or may be barred by reason of the statute of limitations and/or the doctrine of laches, as the same may prove applicable as discovery proceeds and the evidence is developed in this case.

8. No act or omission of FCA US has caused injuries or damages to Plaintiff.

9. This subject product and the component parts of such product conformed to the general state of the art with respect to design, use and manufacture of such product at all times relevant to this litigation.

10. The subject product was not used as intended and/or was altered, misused, mishandled, abused, modified, and/or subjected to abnormal use such that Plaintiff's claims are barred. Plaintiff's claims against FCA US may also be barred by the failure to maintain, service, and/or repair the subject product in accordance with the applicable instructions and recommendations.

11. At all relevant times, the subject product and the component parts of such product which are the subject of this lawsuit were reasonably safe and not unsafe or unreasonably dangerous, in light of the general state of the art and knowledge regarding such products or component parts.

12. Plaintiff has failed or may have failed to mitigate the alleged damages, if any, in the manner and to the extent required by law.

13. FCA US reserves the defense that Plaintiff and/or Plaintiff's agents may have negligently, intentionally, or carelessly failed to preserve material evidence and/or caused or allowed the destruction, spoliation, loss or alteration of the products or the component parts of the products.

14. FCA US did not breach the standard of care or any duties owed to Plaintiff.

15. FCA US reserves unto itself the following defenses, as the same may prove applicable as discovery proceeds and the evidence is developed in this case: release, assumption of the risk, accord and satisfaction, estoppel, waiver, statute of limitations and failure to join an indispensable party.

16. Plaintiff is not entitled to the doctrine of *res ipsa loquitur,* as Plaintiff has not demonstrated she can establish the requirements of the doctrine that the accident or occurrence causing Plaintiff's injuries is the type that would not normally occur unless someone was negligent,

that there is evidence connecting FCA US with the negligence, or that the injury was not attributable to any behavior by a party other than FCA US.

17. FCA US reserves the right to assert any claims for indemnity regarding any person or entity responsible for the damages alleged in Plaintiff's Complaint, whether a party to this action or not.

18. FCA US is not liable for breach of any express or implied warranties because Plaintiff failed to comply with all terms of said warranties and/or has failed to perform all conditions precedent to FCA US's obligations thereunder.

19. FCA US is not liable for breach of any express or implied warranties because the subject vehicle conformed with all such warranties at the time of delivery to Plaintiff.

20. The Plaintiff's claims against FCA US fail because the applicable express or implied warranties by FCA US had expired or otherwise terminated.

21. In so far as Plaintiff claims entitlement to punitive damages pursuant to West Virginia Code, Chapters 46 and 46A, violations of such chapters and correlating sections do not provide for recovery of punitive damages.

22. FCA US states that W. Va. Code § 55-7-29 (2015) is applicable to Plaintiff's claims for punitive damages, and that Plaintiff cannot prove, by clear and convincing evidence, that FCA US acted with actual malice toward Plaintiff or a conscious, reckless and outrageous indifference to the health, safety and welfare of others.

23. Any award of punitive damages against FCA US in this matter based on defendant's conduct outside of this jurisdiction would impose unreasonable state limitations on interstate commerce in violation of the Commerce Clause of the United States Constitution and would be in violation of the U.S. Supreme Court's holding in *State Farm v. Campbell,* 538 U.S. 408 (2003).

24. Any award of punitive damages against FCA US in this matter would violate FCA US's guarantees of due process, equal protection, property and protection against excessive fines under the Fourteenth Amendment to the United States Constitution and under applicable law of this jurisdiction.

25. Punitive damages may not be awarded: (a) without proof of every element beyond a reasonable doubt, or in the alternative, without proof by clear and convincing evidence; (b) without bifurcating the trial of all punitive issues, including punitive liability; (c) without limits, including the maximum amount that a jury may impose in this jurisdiction; (d) without limits, including the constitutional prohibition against punitive damages awards being greater than a single-digit multiplier of any compensatory damages award, *see State Farm v. Campbell*, 538 U.S. 408 (2003); (e) which improperly compensate plaintiff for elements of damage not otherwise recognized under the laws of this jurisdiction; (f) without standards or sufficient clarity for determining the appropriateness of the size of the award; (g) without consideration of the three constitutional guideposts of reprehensibility, ratio, and civil penalties, *see State Farm v. Campbell*, 538 U.S. 408 (2003); (h) without appropriate instructions on the limits of punitive damages imposed by the applicable principles of deterrence and punishment; (i) under a vague and arbitrary standard that does not define the necessary conduct or mental state required for punitive damages; and (j) without judicial review on the basis of objective standards, including the three constitutional guideposts of reprehensibility, ratio, and civil penalties, *see State Farm v. Campbell*, 538 U.S. 408 (2003).

26. Any award of punitive damages against FCA US in this matter would violate FCA US's guarantees of due process of protection against double jeopardy, excessive fines and multiple punishments under the Fifth and Fourteenth Amendments to the United States Constitution and

Case 2:20-cv-00035-TSK   Document 3   Filed 08/26/20   Page 14 of 16   PageID #: 84

under applicable law of this jurisdiction, to the extent defendant is subject to multiple punitive awards for the same alleged wrong or conduct.

27. Since punitive damages are criminal in nature, any award of such damages against FCA US in this matter would deny FCA US the protection defendants in criminal cases, including protection against unreasonable searches and seizures, double jeopardy, self-incrimination, the right to confront adverse witnesses, a speedy trial and the effective assistance of counsel as guaranteed under the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution and under applicable law of this jurisdiction.

28. Any calculation or award of punitive damages against FCA US based in whole or in part upon FCA US's alleged conduct toward non-parties is unconstitutional and constitutes a taking of property without due process. *See Philip Morris USA v. Williams*, 549 U.S. 346 (2007).

29. The imposition of joint and several liability under the circumstances of this action would violate FCA US's rights under the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution, the excessive fines clause of the Eighth Amendment to the United States Constitution, the double jeopardy clause in the Fifth Amendment to the United States Constitution, and similar provisions in applicable State Constitutions and/or applicable statutes and court rules.

30. FCA US may not be held jointly liable for the fault of any other parties to this matter, as joint liability was abolished by W. Va. Code § 55-7-13C (2015).

31. FCA US reserves all affirmative defenses stated under Rules 8 and 12 of the West Virginia Rules of Civil Procedure which may prove applicable whether or not specifically set out herein.

14

32. FCA US reserves its right to assert additional affirmative defenses to the extent that the same are revealed to be applicable during discovery and/or the course of litigating this action.

**WHEREFORE**, Defendant, FCA US LLC, prays that judgment be awarded in its favor, that this matter be dismissed with prejudice, that plaintiff have and recover nothing from FCA US; and that FCA US be awarded such reasonable costs, expenses, and attorney fees incurred in the defense of this action together with such other and further relief as this Court may deem appropriate.

**FCA US LLC REQUESTS A TRIAL BY JURY.**

**FCA US LLC,
By Counsel,**

/s/ Mitchell B. Tuggle
Andrew B. Cooke (WV State Bar #6564)
Mitchell B. Tuggle (WV State Bar #12577)
THOMAS COMBS & SPANN, PLLC
300 Summers Street, Suite 1380 (25301)
P.O. Box 3824
Charleston, WV 25338-3824
Tel: 304.414.1800
Fax: 304.414.1801
Email: acooke@tcspllc.com
       mtuggle@tcspllc.com

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**
**ELKINS DIVISION**

SOPHIA CUPP,

    Plaintiff,

v.                                      CIVIL CASE NO: 2:20-cv-35
                                             (Judge Thomas S. Kleeh)

FCA US LLC, a limited liability corporation and
FIAT CHRYSLER CORPORATION US LLC,

    Defendants.

**CERTIFICATE OF SERVICE**

I, Mitchell B. Tuggle, counsel for the Defendants, certify that on the 26th day of August, 2020, the foregoing ***DEFENDANT, FCA US LLC's ANSWER TO PLAINTIFFS' COMPLAINT*** was served upon the following counsel of record through the CM/ECF system:

> Marvin W. Masters, Esq. (WVSB #2359)
> The Masters Law Firm lc
> 181 Summers Street
> Charleston, West Virginia 25301-2177
> Tel: 304-342-3106
>   *Counsel for Plaintiff*

> */s/Mitchell B. Tuggle*
> Andrew B. Cooke (WV State Bar #6564)
> Mitchell B. Tuggle (WV State Bar #12577)
> THOMAS COMBS & SPANN, PLLC
> 300 Summers Street, Suite 1380 (25301)
> P.O. Box 3824
> Charleston, WV 25338-3824
> Tel: 304.414.1800
> Fax: 304.414.1801
> Email: acooke@tcspllc.com
>       mtuggle@tcspllc.com